## George ·E. Gifford
### v.
## Charles Wilkins, Administrator.

*Action on Note by Administrator—Plea of Set-off—Evidence—Competency of Wife as Witness—Statute of Limitations—Instructions.*

In an action by an administrator on a note, it is *held:* That the wife of the defendant is incompetent to prove a contract between him and the deceased for the boarding of the latter's parents, although she did the work and kept the defendant's accounts; that the evidenc? does not sustain the contract alleged in the plea of set-off; and that an instruction touching the Statute of Limitations, if erroneous, could not have injured the defendant.

[Opinion filed December 9, 1887.]

Appeal from the Circuit Court of Kendall County; the Hon. C. W. Upton, Judge, presiding.

Mr. Benj. F. Herrington, for appellant.

Messrs. M. O. Southworth and N. J. Aldrich, for appellee.

Lacey, J.  This was a suit in assumpsit brought by appellee, who is the administrator of his wife, formerly Jane Spanswick, on a note for $600, given by appellant to her in her maiden name, dated January 28, 1881, due in two years after date with interest at eight per cent. per annum.

The defense interposed by the appellant was that by way of the common counts in a plea of set-off in the sum of $800, and for board, lodging and attendance by appellant, who was the brother-in-law of deceased, furnished at her request to Timothy and Priscilla Spanswick, the father and mother of deceased and also of the wife of appellant. Reply of the Statute of Limitations was interposed to this plea by appellee, and also failure of consideration and general replication. The cause was tried by a jury resulting in a verdict for appellee for $671.55. Motion for new trial was made by appellant and

overruled by the court and judgment rendered on the verdict from which judgment this appeal is taken.

We have examined the evidence and carefully considered it and are of the opinion that the jury were fully justified in finding that it was entirely insufficient to sustain the plea of set-off in regard to the agreement by Mrs. Wilkins to pay appellant for keeping the old people, further than the amount he received from the old man Spanswick himself.

There was no error committed by the court in refusing to allow the wife of the appellant to testify in his behalf. The statute forbids it except in certain specified cases, and this does not come within any exception provided for in the statute. It is insisted in substance that as the wife was the husband's agent in keeping his account, that is, in doing the work in taking care of her father and mother, that therefore she was agent in making the contract with Mrs. Wilkins in regard to boarding the old people and could testify to what deceased said as to the contract she made in relation to paying for keeping them. We do not understand that such facts would constitute her such an agent as to authorize her to testify to the arrangement, if any, between her husband and Mrs. Wilkins in regard to the boarding of Mr. Spanswick and wife and this is what we suppose appellant desired to prove by his wife. If it was simply what was done by her as the agent of her husband for the old folks, it should have been so stated, so the court could have passed on the question.

It is complained that the court erred in giving the appellee's sixth instruction, which told the jury that appellant could not " recover any sum (on his plea of set-off) which has accrued to him more than five years prior to the commencement of this suit," when by force of the statute in case of death of the debtor the time is extended one year.

We do not think the point is well taken. Even if the instruction was erroneous, the appellant could not have been harmed thereby. The suit could not have been commenced later than June, 1886. Now the appellant's claim began to accrue, as he insists, December 13, 1880. Five years would bring it to December 13, 1885. The suit was commenced

April 30, 1886, less than five years and five months after the date of the commencement of appellant's claim. Hence not five months of it was cut off by the statute according to the instruction. Mrs. Gifford, the main witness for appellant, testifies that Mrs. Wilkins told her, in regard to paying appellant for keeping her father and mother, that "the note was given by him so he could hold that much money and he was to pay her interest on that till father's money was gone; after that it was to be different." The old people had about $600. When this money was gone Mrs. Wilkins was to commence paying. The $600, if allowed to be charged to appellant before his claim would commence to run against Mr. Wilkins, would much more than pay for the first five months' board. The balance, if allowed at all, could not be cut out by the instruction under the five years' limitation act, because it accrued within five years if at all.

If the appellant was entitled to a set-off for the full amount for the keeping of the old people for the entire time, if at all, then the jury defeated him on the merits of the claim, as it allowed him nothing, though under the sixth of plaintiff's instructions he would have been entitled to nearly all the claim, if he could sustain it by the evidence.

In any event the sixth given instruction for appellant could do no harm. Perceiving no error in the record the judgment is affirmed.

*Judgment affirmed.*